Slocum v. English, appellant.

*Administrator — sale of real estate for payment of debts of intestate—when void.*

G. died intestate in 1846, seized of certain real estate, and in the same year administrators were appointed. Afterward these administrators were removed and others appointed. In April, 1852, a creditor of the estate, upon application to the surrogate, obtained an order to show cause why the administrators should not be required to mortgage, lease or sell the real estate for the payment of debts. This order was served and a further order obtained for all persons to appear, etc., on May 31, 1852. No proof of service was made, and no further proceedings were had under this order. On September 2, the surrogate revoked the letters to one of the administrators, which

left his associate sole administrator, who, in March, 1853, applied to sell the real estate, obtained the necessary order, and conveyed to the person under whom defendants obtained title. No recital of previous proceedings were made in the administrator's application or in the order. No inventory was filed previous to the application. In an action of ejectment brought by an heir of the intestate, *held*, that the administrator's sale was void and defendants had no valid title. The administrator's proceeding could not be considered a continuation of the creditor's proceeding. The statute (2 R. S. 100, § 1) requires that the sale, if applied for by an administrator, shall be applied for within three years after letters are first taken out by himself or his predecessor.

The fact that no inventory had been filed prior to the administrator's petition was also a jurisdictional defect.

APPEAL from judgment rendered upon a trial at the Saratoga county circuit, in June, 1873, before Mr. Justice BOCKES, without a jury.

The action was ejectment, brought by Ellen R. Slocum against Richard English and Calvin English, and the question to be determined was the validity of certain proceedings had before the surrogate of Saratoga county for the sale of the real estate of an intestate for the payment of debts, by virtue of which the defendants claimed title.

The plaintiff showed title as one of the heirs at law of Harvey Granger, deceased, who died August 1, 1846, seized in fee of the premises in question. It appeared that letters of administration were granted on the 2d of September, 1846 ; that the administrators were removed and other administrators were appointed *de bonis non* of said estate ; that, on the 2d of April, 1852, a creditor of the estate, upon application to the surrogate, obtained an order to show cause why the administrators should not be required to mortgage, lease or sell the real estate for the payment of debts. This order was served and a further order obtained for all persons to appear, etc., on the 31st of May, 1852. No proof of service was made and no further proceedings had under this order. On the 2d of September, 1852, the surrogate revoked letters to John Granger, which left his associate, Dillingham, sole administrator. On the 3d of March, 1853, the administrator applied to sell the real estate, obtained the necessary order and conveyed to one under whom the defendants obtained title. The judge found in favor of the plaintiff. The defendants excepted, and judgment having been entered, appealed.

*J. B. Sherman* and *Paul F. Cooper,* for appellants.

*Sacket & Smith* and *E. F. Bullard,* for respondent.

MILLER, P. J.   It is quite plain, I think, that the sale by the administrator of the premises in controversy was void because the petition was not filed within three years, as required by the statute, after the granting of letters of administration, and that no title was acquired under the deed executed by him to the purchaser at the sale.   2 R. S. 100, § 1.   The defendants' counsel seeks to avoid the effect of the statute cited by insisting that the petition by the administrator was but a continuation of the proceedings which had been previously instituted on behalf of a creditor, and not an original or new application within the provision of the statute cited.

It appears that a petition was presented by a creditor for an order to show cause why the administrators should not mortgage, sell or lease the real estate of the deceased for the payment of debts, and an order to show cause made returnable on a day named.   Upon the return day the surrogate made an order declaring that no cause had been shown, and directing all persons interested to appear at a future day to show cause, etc.   There was no proof that said order was ever served, and no proceeding or adjournment was had, or further proceedings on said petition.   Subsequently the administrator filed a petition, and an order to show cause was made and a sale directed to be made, which took place, and an order was made for the distribution of the proceeds.   No reference is made in any portion of the proceedings to the previous proceedings by the creditor, and the record shows that it was a separate and distinct application, in no way connected with and entirely independent of that which had previously been instituted by the creditor.

The proceeding by a creditor to compel an administrator to sell the real estate of the intestate is entirely different and distinct, and is not perfected until the order for a sale is made, which should fully recite all that has been done and show that the creditor was the moving party throughout.   Laws 1837, chap. 460, § 72; amended, Laws 1843, chap. 172; 1847, chap. 298; 1873, chap. 211. No petition is required from the administrator, and if he makes and presents one independent of the proceedings had, and without reference to what has already been done, it cannot be considered as a part of the old proceeding.   It is, perhaps, sufficient to say in

this case that the administrator did not by his petition in any way act as if the proceeding was a part of what had already been done. He, as well as the surrogate, regarded it as new and distinct throughout, and there is no rule of law which could make a connection between the two, as none such exists. The old proceeding was ended and a new one commenced, and no attempt was made to conduct the latter otherwise than as an original proceeding. Even although the statute may have intended that the administrator step in after the creditor had commenced, it appears that this was not done. As no recitals of previous proceedings were made in the petition or the orders, it is not necessary to consider what effect they might have had if they had been inserted. It is enough that the papers show an independent proceeding by the administrator to establish that it had nothing to do with any other, and I think no presumption can be indulged in favor of their validity, as the case stands. Nor does chapter 82 of the act of 1850 aid the defendants. It is not a mere irregularity, or omission, or defect in the papers which invalidates the proceedings, but a jurisdictional defect which strikes at its foundation. It is a failure to institute the proceedings within the time required by law, which is apparent upon their face and in direct violation of the statute.

The counsel for the defendant insists that the sale was valid within the meaning of the statute. The statute provides that after the executors or administrators "shall have made and filed an inventory according to law," * * * "they may at any time within three years after the granting of their letters," etc., apply for authority to mortgage, etc., and it is claimed that this refers to the time when the last letters were granted and not to the first. In this case the first administrators were removed and others appointed, and hence it is contended that as they applied within the three years it was in season. I am inclined to think that this position cannot be upheld. The evident intention of the statute was, that the sale should be applied for within three years after executors or administrators had taken out letters, and to compel them or their successors to institute the proceeding within this period so that the estate might be closed up, and the title to real estate acquired from heirs at law or by devise might not be disturbed after the time provided for. If it were otherwise, then the time might be extended beyond reasonable limits by the death or removal of executors or administrators and the appointment of others in their places. The

words "their letters testamentary or of administration" have reference, I think, then to such letters as may be first issued, and are not designed to refer to the individual executors or administrators who may succeed those who are first appointed. The statute means all executors or administrators who may take upon themselves in the first instance the duties of these offices as a preliminary step to closing up an estate, and when another is appointed in the place of one who is deceased, or has been removed, he takes the place of his predecessor with the estate and all proceedings remaining the same as if he had been originally appointed. It may also be observed that it would be inconsistent with the object of the statute to allow every new executor or administrator three years further and additional time to make an application for the sale of real estate, when a creditor can do so at any time after an accounting has been had.

The fact that no inventory had been filed prior to the filing of the petition is also, I think, a jurisdictional defect, and sufficiently appears from the proceedings.

As I find no error upon the trial, I am of the opinion that the judgment at the circuit must be affirmed, with costs.

*Judgment affirmed.*